UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
V. : C.R. NO.: 05-83ML
:
JOHN BARNES :

## DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE

NOW COMES the defendant, JOHN BARNES, and moves this Honorable Court to suppress from introduction into evidence, whether directly, indirectly or otherwise, may and all physical evidence seized, and a result of the execution of a search warrant at 91 What Cheer Avenue, and from the vehicle of this defendant, on or about May 13, 2005.

As grounds therefor, the defendant states that all such evidence was seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Further, defendant incorporates by reference the arguments set forth in the accompanying Memorandum.

Defendant,
John Barnes,
By his Attorney,

[signature]

David A. Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
(401) 273-1880

16

**CERTIFICATION**

I hereby certify that on this the 24th day of ~~July~~ Aug, 2005, I served a true and correct copy of the within Motion upon Mary E. Rogers, Esquire (AUSA) ~~the Office~~ of the United States Attorney, 50 Fleet Center, 8th Floor, Providence, RI 02903, by regular mail, postage prepaid.

David A. Cooper

Barnes.Mot.Supr.Phys.Evid.doc

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
V. : CR. NO.: 05-83 ML
:
JOHN BARNES :

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS PHYSICAL EVIDENCE**

THE defendant moves to suppress the physical evidence secured during the course of the investigation of prosecution of the instant matter and pursuant to a search of both his residence and his vehicle.

As grounds therefor, the defendant states that the same was secured by means of knowing and deliberate misrepresentation of fact and reckless disregard for the truth, as conveyed to the court issuing the search warrant for his residence. In support whereof, please see the Defendant's Memorandum in Support of a Motion for a *Franks* Hearing, the arguments and statements whereof are herby incorporated by reference, insofar as all physical evidence secured through the course of this investigation was derived solely by means of these misrepresentations of fact and/or obtained pursuant to court order secured by the proffering of the same..

It is an axiomatic precept of American criminal jurisprudence that evidence seized as a consequence of an unlawful search cannot constitute proof against the victim of the search. *Weeks v. United States,* 232 U.S. 38. Further, uncontroverted decisional authority has established that this exclusionary prohibition extends as well to the indirect as well as the direct products of any such invasion. *Wong Sun v. United States,* 371 U.S. 471,484 (1963). Thus, insofar as the physical evidence seized by the government, was a

direct consequence of information derived by such misrepresentation and misleading of the judiciary, the same should and must be suppressed from introduction to evidence at the time of trial, for the reasons set forth in the foregoing memorandum.

WHEREFORE, the defendant respectfully prays this Honorable Court to suppress from introduction at trial, whether directly, indirectly or otherwise, any and all physical evidence seized or obtained by the government in the course of the prosecution and investigation of this case.

Defendant,
JOHN BARNES,
By his Attorney,

David A. Cooper, Esquire
R.I. Reg. No.: 1981
127 Dorrance Street
Providence, RI 02903
Tel: (401) 273-1880

**CERTIFICATION**

I hereby certify that this on the 29th day of ~~July~~ Aug, 2005, I served a true and correct copy of the within Memorandum, by regular mail, postage prepaid, upon Mary E. Rogers, Esquire ( AUSA) of the Office of the United States Attorney, 50 Kennedy Plaza, 8th Floor, Providence, RI 02903.

David A. Cooper