IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-083ML |
| | ) | |
| JOHN BARNES | ) | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION**

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorneys, and hereby objects to the Defendant's Motion For Reconsideration Of Detention for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this, the 12th day of September, 2005, I mailed a true copy of the within Government's Objection to Defendant's Motion For Reconsideration of Detention and supporting Memorandum, postage prepaid, to:

David A. Cooper, Esq.
127 Dorrance Street
Providence, RI 02903

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-083ML |
| | ) | |
| JOHN BARNES | ) | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO
DEFENDANT'S MOTION FOR RECONSIDERATION OF DETENTION

Defendant John Barnes moves for Reconsideration Of his Pre Trial Detention. Barnes does not advance any new facts in support of his release; to the contrary, he admits that he did not rebut the statutory presumption that he is a danger to the community and risk of flight. The Defendant claims only that relatives can post real estate for his release. This is not a ground for reconsideration of his detention and the Defendant's motion should be denied.

**Facts**

The Defendant was arrested in his vehicle on May 13, 2005, by the Johnston Police. His residence at 91 Whatcheer Avenue in Providence, was searched pursuant to a state search warrant, and approximately 1 kilogram of crack cocaine was seized. The Defendant further admitted that he lived at 91 Whatcheer Avenue. Previous police surveillance noted the Defendant leaving the residence. The Defendant was indicted on July 6, 2005, on (Count 1) of knowingly and intentionally possessing with intent to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A) and (Count 2) knowingly and intentionally possessing with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21

U.S.C. §§ 841(a)(1), and 841(b)(1)(C). Count 1 carries a statutory mandatory minimum term of incarceration of ten years. 21 U.S.C. §841(a)(1) and (b)(1)(A). The Defendant was also previously convicted on June 19, 1995, of Possession of a Controlled Substance in Providence Superior Court.

**Argument**

The Defendant submits no new facts to support his request for pre trial release. The facts the Defendant sets forth now are the same that existed at the time the Defendant argued for pre trial release on July 11, 2005, at his arraignment. The claim that two relatives have two pieces of real estate to post is not a new factor for the Court's consideration.

18 U.S.C. §3142 (e) sets forth a statutory rebuttable presumption that "it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" if the Court finds that the there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. 18 U.S.C. §3142 (e). The instant Indictment provides the probable cause necessary case and the charges both involve the Controlled Substances Act; each Count of the Indictment carries a penalty of more than ten years. In fact, Count One of the Indictment mandates a ten year mandatory minimum term of incarceration by statute. Additionally, the Defendant faces a possible term of life imprisonment, with a statutory mandatory minimum term of twenty years incarceration, should the government file a sentencing enhancement information pursuant to 21 U.S.C. §851. Both mandatory minimum terms of imprisonment provide a strong incentive to flee, rather than risk such a lengthy term of incarceration. Additionally, the Defendant has a lengthy criminal

history, that includes failure to appear for prior Court hearings, violation of his probation, and violating the terms of his bail in State Court. This Defendant is clearly a danger to the community and presents an extreme flight risk. All of these facts were brought out previously before this Court. The Defendant did not rebut the statutory presumption at that time, and has provided no additional facts to rebut the statutory presumption. The Defendant's motion is without merit and should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this, the 12th day of September, 2005, I mailed a true copy of the within Government's Objection to Defendant's Motion For Reconsideration of Detention and supporting Memorandum, postage prepaid, to:

David A. Cooper, Esq.
127 Dorrance Street
Providence, RI 02903