UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
v. : CR No. 05-83ML
:
JOHN BARNES :

**MEMORANDUM AND ORDER**

Before the Court for determination is Defendant's Motion for Reconsideration of Bail filed on September 9, 2005. The Government has filed an Opposition. A hearing was held on September 16, 2005. For the reasons discussed below, Defendant's Motion is DENIED.

It is undisputed that Defendant is charged with a serious controlled substance offense triggering the rebuttable presumption under 18 U.S.C. § 3142(e) that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as required and the safety of the community. After a bail hearing, this Court issued a Detention Order on July 11, 2005 finding that Defendant had not rebutted the statutory presumption and stating:

> Defendant is facing a significant mandatory sentence if convicted. Although Defendant has significant family ties to this District, his criminal record contains prior instances of failing to appear in court as required and instances of bail and probation violations. Defendant is currently held without bail as a pretrial detainee at the ACI on related state charges.

In support of his Motion, Defendant contends that bail is warranted for two reasons: First, Defendant's mother and aunt are willing to post real estate to secure his release; and second, Defendant wishes to visit his children prior to deciding whether to accept the Government's proposed plea agreement or to take this case to trial. As noted at the hearing, Defendant's proffered

evidence is not "new." This Court was aware in July when it ordered Defendant's detention that he had one child and three other children in his life who considered him a "father figure." This Court was also aware that Defendant's mother was supportive and that the family was willing to post bail for him. Thus, Defendant has offered nothing "new" which would warrant reopening the prior detention hearing under 18 U.S.C. § 3142(f).

Despite this fact, this Court gave Defendant's attorney a full opportunity to reargue the issue of bail. Defendant has not offered any evidence to cause this Court to reconsider and reverse its prior Detention Order. Defendant's desire to see his children is understandable but simply not a permissible factor under 18 U.S.C. § 3142(g). It is also a desire shared by most Defendants with children and, if given consideration, would result in bail in almost every such case. Further, Defendant has reached a crossroad in this case and must either plead or go to trial. This difficult personal decision, given the potential length of incarceration if convicted, may motivate this Defendant to flee. He has simply not rebutted the § 3142(e) presumption and thus his family's willingness to post real estate is irrelevant.

LINCOLN D. ALMOND
United States Magistrate Judge
September 16, 2005