IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-083ML |
| | ) | |
| JOHN BARNES | ) | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION FOR A FRANKS HEARING**

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorneys, and hereby objects to the Defendant's Motion For A Franks Hearing for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this, the 20th day of September, 2005, I mailed a true copy of the within Government's Objection to Defendant's Motion For A Franks Hearing and supporting Memorandum, postage prepaid, to:

David A. Cooper, Esq.
127 Dorrance Street
Providence, RI 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR-05-083ML |
| | : | |
| JOHN BARNES | : | |

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR A *FRANKS* HEARING

## I. INTRODUCTION

The Defendant has requested that this Court conduct an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978). The Defendant has failed to provide any basis for such a hearing, and therefore his motion must be denied. The Defendant has not met the heavy burden that is required to obtain a Franks hearing. The Defendant has failed to make, and cannot make, the required substantial preliminary showing that, any errors, even if they exist, were made, by the affiant of the search warrant, knowingly or with reckless disregard for the truth.

## II. FACTS

The Defendant was arrested on May 13, 2005, while traveling in his vehicle. The Defendant had previously been seen leaving a drug transaction. A state court authorized search warrant for his home was obtained by the Providence Police. The Defendant's house at 91 Whatcheer Avenue, Providence, was searched pursuant to the state search warrant, and approximately 1 kilogram of crack cocaine was seized. The Defendant admitted to the police that he had just left his house and that he did not live with anyone. Previous surveillance showed the defendant leaving the residence.

## III. ARGUMENT

The starting point for any inquiry regarding a Franks v. Delaware hearing ("Franks hearing") is that "a presumption of validity [exists] with respect to the affidavit supporting [a] search warrant." Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684 (1978).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

Id. at 172, 2684.

Prior to the Franks decision, the State of Delaware, among other jurisdictions, did not allow challenges to the truthfulness of factual statements contained in supporting warrant affidavits under *any* circumstances once the warrant had been issued. Franks, 438 U.S. at 155, 98 S.Ct. at 2676. The Supreme Court's decision in Franks, allowing such challenges in very limited circumstances, was based upon the premise that the Warrant Clause in the Fourth Amendment of the Constitution assumed that the probable cause provided in the affidavit would be based upon a "*truthful* showing". Franks, 438 U.S. at 164-65, 98 S.Ct. at 2681, quoting from United States v. Hal, 257 F.Supp. 1002, 1005 (S.D.N.Y. 1966).

The Supreme Court took great pains in the Franks case to make sure that lower courts did not interpret this ruling to enable Defendants to abuse such hearings. The Court pointed out that,

> This does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon

> information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.

Id.

The Supreme went on to acknowledge the validity of concerns such as: if Franks hearings were allowed to be routinely conducted, they would overburden the criminal dockets and allow diversion of attention from the main issue of whether a Defendant is guilty or innocent; that Defendants would attempt to use such Franks hearings as discovery tools, and attempt to learn the identity of government informants; that such a veracity challenge is inappropriate because the "accuracy of an affidavit in large part is beyond the control of the affiant" as it may properly be based upon hearsay, fleeting observations and tips from confidential informants whose identity should be protected by the courts from revelation. Id. at 167, 2682. The Court also acknowledged the potential for abuse by defendants regarding Franks hearings. The Court took pains to point out that the veracity challenge allowed by a Franks challenge is quite limited in scope; both with regard to when such a hearing will be allowed and, if so, whether exclusion of evidence is warranted. The Court pointed out that the lower Courts should require defendants seeking such hearings to meet sensible threshold showings and, if defendants could not, then the Courts should deny such motions. Id. 170, 2684. Courts should guard against the misuse of Franks hearings by defendants for purposes such as discovery or obstruction. Id.

Accordingly, to obtain a Franks hearing to challenge the information contained in the affidavit, and thereby challenge the probable cause basis for the warrant itself, a defendant must make a (1) "substantial preliminary showing" (2) that the search warrant affidavit contains deliberate false statements or those made with reckless disregard for the truth, (3) by the affiant, and (4) that "the allegedly false statement is necessary to the finding of probable cause." United States v. Ranney, 298 F.3d 74, 78 (1st. Cir 2002) (citing Franks, 438 U.S. at 155–56). Accord, United States v. Southard, 700 F.2d 1, 8 (1st Cir.), cert. denied, 464 U.S. 823 (1983) (defendant not entitled to an evidentiary hearing without a "'substantial preliminary showing that a false

statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . [the statement] is necessary to the finding of probable cause'") (quoting Franks, 438 U.S. 155-56). Evidence of negligence or innocent mistakes is insufficient. Franks, 438 U.S. at 171, 98 S.Ct. at 2684.

Defendant Barnes has not even submitted a memorandum in support of his motion for a Franks hearing. There is nothing to meet the standard necessary to obtain a Franks hearing, and thus, the Defendant's motion must be denied. In sum, the Defendant has failed to meet even the first prong of the Franks standard, that of a substantial showing of either deliberate falsehoods or reckless disregard for the truth. A defendant may not request a Franks hearing without supporting evidence. Franks, 438 U.S. at 144; United States v. Nelson-Rodriguez, 319 F.3d 12, 33 (1st Cir. 2003). The Defendant has failed to supply evidence disproving any statement in the affidavit which he might allege to be false. An unsupported claim of falsity will not suffice in a court of law.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

CERTIFICATION

I, the undersigned, do hereby certify that on this, the 20th day of September, 2005, I mailed a true copy of the within Government's Motion in Opposition to the Defendant's Motion for a Franks Hearing and supporting memorandum, postage prepaid, to:

David A. Cooper, Esq.
127 Dorrance Street
Providence, RI 02903