IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-083ML |
| | ) | |
| JOHN BARNES | ) | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorneys, and hereby objects to the Defendant's Motion To Suppress Physical Evidence for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this, the 20th day of September, 2005, I mailed a true copy of the within Government's Objection to Defendant's Motion To Suppress Physical Evidence and supporting Memorandum, postage prepaid, to:

David A. Cooper, Esq.
127 Dorrance Street
Providence, RI 02903

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-05-083ML** |
| | : | |
| **JOHN BARNES** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

## I. INTRODUCTION

The Defendant has requested that this Court suppress all physical evidence seized as a result of the execution of a Court authorized search warrant at the Defendant's residence and from the Defendant's vehicle, all seized on May 13, 2005. The Defendant has provided no basis for his motion. All evidence was lawfully seized. Therefore, the Defendant's Motion to Suppress should be denied.

## II. FACTS

The Defendant was arrested on May 13, 2005, while traveling in his vehicle. The Defendant had previously been seen leaving a drug transaction. A state court authorized search warrant for his home was obtained by the Providence Police. The Defendant's house at 91 Whatcheer Avenue, Providence, was searched pursuant to the state search warrant, and approximately 1 kilogram of crack cocaine was seized. The Defendant admitted to the police that he had just left his house and that he did not live with anyone. Previous surveillance showed the defendant leaving the residence. The Defendant is charged with the possession to distribute in excess of 50 grams of cocaine base in the form of Crack cocaine, pursuant to 21 U.S.C. §841.

## III. ARGUMENT

The Defendant has failed to provide any basis for suppressing the evidence he seeks to have excluded. The Defendant's Memorandum in Support of his Motion to Suppress the Physical Evidence incorporates by reference a non existent Memorandum of Law in Support of a Motion for a Franks Hearing. The Defendant merely states in his Memorandum in Support of his Motion to Suppress Physical Evidence that the evidence was "secured by means of knowing and deliberate misrepresentation of fact and reckless disregard for the truth, as conveyed to the court issuing the search warrant for his residence." These accusations are completely baseless and frivolous, wasting both this Court's time and the government's in having to expend time to respond. Additionally, the Defendant fails to raise any grounds for suppression of the evidence seized from his vehicle. For the aforementioned reasons, the government requests that the Defendant's motion be denied.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

## CERTIFICATION

I, the undersigned, do hereby certify that on this, the 20th day of September, 2005, I mailed a true copy of the within Government's Motion in Opposition to the Defendant's Motion to Suppress Physical Evidence and supporting memorandum, postage prepaid, to:

David A. Cooper, Esq.
127 Dorrance Street
Providence, RI 02903