IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-083ML |
| | ) | |
| JOHN BARNES | ) | |

**GOVERNMENT'S OBJECTION TO**
**DEFENDANT'S SECOND MOTION FOR A FRANKS HEARING**

Comes now the United States of America, by and through its attorneys, Robert C. Corrente, United States Attorney for the District of Rhode Island, and Mary E. Rogers, Assistant U.S. Attorneys, and hereby objects to the Defendant's Second Motion For A Franks Hearing for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGERS
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that on this, the 4th day of November, 2005, I mailed a true copy of the within Government's Objection to Defendant's Motion For A Franks Hearing and supporting Memorandum, postage prepaid, to:

Joseph Vocolla, Esq.
454 Broadway
Providence, RI 02909

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR-05-083ML** |
| | : | |
| **JOHN BARNES** | : | |

**GOVERNMENT'S MEMORANDUM OF LAW**
**IN OPPOSITION TO DEFENDANT'S SECOND MOTION FOR A *FRANKS* HEARING**

## I. INTRODUCTION

The Defendant has requested that this Court conduct an evidentiary hearing pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674 (1978). The Defendant has failed to provide any basis for such a hearing, and therefore his motion must be denied. The Defendant has not met the heavy burden that is required to obtain a Franks hearing. The Defendant has failed to make, and cannot make, the required substantial preliminary showing that, any errors, even if they exist, were made, by the affiant of the search warrant, knowingly or with reckless disregard for the truth.

## II. FACTS

The Defendant was arrested on May 13, 2005, while traveling in his vehicle. Prior to that stop, the Defendant was surveilled by the police. Surveillance noted the Defendant leave his home in Providence, travel to Johnston where he was seen conducting a drug transaction, and then leave the drug transaction. The female with whom the Defendant had just conducted the transaction admitted to the police that the Defendant had sold her $100 worth of crack cocaine and the crack was turned over to the police. A state court authorized search warrant for his home was then obtained by the Providence Police. The Defendant's house at 91 Whatcheer Avenue,

Providence, was searched pursuant to the state search warrant, and approximately 1 kilogram of crack cocaine was seized. The Defendant admitted to the police that he had just left his house and that he did not live with anyone. Police surveillance had noted the defendant leaving his residence on other occasions. The Defendant now states in his motion only that he "suspects" that a twenty year veteran Detective recklessly disregarded the truth in a search warrant affidavit. This does not rise to the level required to obtain a Franks hearing.

## III. ARGUMENT

The starting point for any inquiry regarding a Franks v. Delaware hearing ("Franks hearing") is that "a presumption of validity [exists] with respect to the affidavit supporting [a] search warrant." Franks v. Delaware, 438 U.S. 154, 171, 98 S.Ct. 2674, 2684 (1978).

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant. Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

Id. at 172, 2684.

Prior to the Franks decision, the State of Delaware, among other jurisdictions, did not allow challenges to the truthfulness of factual statements contained in supporting warrant affidavits under *any* circumstances once the warrant had been issued. Franks, 438 U.S. at 155, 98 S.Ct. at 2676. The Supreme Court's decision in Franks, allowing such challenges in very limited circumstances, was based upon the premise that the Warrant Clause in the Fourth Amendment of the Constitution assumed that the probable cause provided in the affidavit would

be based upon a "*truthful* showing". Franks, 438 U.S. at 164-65, 98 S.Ct. at 2681, quoting from United States v. Hal, 257 F.Supp. 1002, 1005 (S.D.N.Y. 1966).

The Supreme Court took great pains in the Franks case to make sure that lower courts did not interpret this ruling to enable Defendants to abuse such hearings. The Court pointed out that,

> This does not mean "truthful" in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily.

Id.

The Supreme went on to acknowledge the validity of concerns such as: *if* Franks hearings were allowed to be routinely conducted, they would overburden the criminal dockets and allow diversion of attention from the main issue of whether a Defendant is guilty or innocent; that Defendants would attempt to use such Franks hearings as discovery tools, and attempt to learn the identity of government informants; that such a veracity challenge is inappropriate because the "accuracy of an affidavit in large part is beyond the control of the affiant" as it may properly be based upon hearsay, fleeting observations and tips from confidential informants whose identity should be protected by the courts from revelation. Id. at 167, 2682. The Court also acknowledged the potential for abuse by defendants regarding Franks hearings. The Court took pains to point out that the veracity challenge allowed by a Franks challenge is quite limited in scope; both with regard to when such a hearing will be allowed and, if so, whether exclusion of evidence is warranted. The Court pointed out that the lower Courts should require defendants seeking such hearings to meet sensible threshold showings and, if defendants could not, then the Courts should deny such motions. Id. 170, 2684. Courts should guard against the misuse of Franks hearings by defendants for purposes such as discovery or obstruction. Id.

Accordingly, to obtain a Franks hearing to challenge the information contained in the affidavit, and thereby challenge the probable cause basis for the warrant itself, a defendant must make a (1) "substantial preliminary showing" (2) that the search warrant affidavit contains

deliberate false statements or those made with reckless disregard for the truth, (3) by the affiant, and (4) that "the allegedly false statement is necessary to the finding of probable cause." United States v. Ranney, 298 F.3d 74, 78 (1st. Cir 2002) (citing Franks, 438 U.S. at 155–56). Accord, United States v. Southard, 700 F.2d 1, 8 (1st Cir.), cert. denied, 464 U.S. 823 (1983) (defendant not entitled to an evidentiary hearing without a "'substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and . . . [the statement] is necessary to the finding of probable cause'")(quoting Franks, 438 U.S. 155-56). Evidence of negligence or innocent mistakes is insufficient. Franks, 438 U.S. at 171, 98 S.Ct. at 2684.

Defendant Barnes memorandum in support of his motion for a Franks hearing does not meet the threshold required to entitle him to a Franks hearing, and thus, the Defendant's motion must be denied. In his attempt to appear as if he has met his burden, the Defendant's memorandum starts out with his redefining what the Franks case requires. He does this by what he calls "parsing" Justice Blackmun's language. The result is a perversion of the essence of the holding in Franks. The Defendant baldly claims that, merely by his plucking out a phrase contained in the affidavit and then claiming that it is false, that he has "identified" a deliberate falsehood or reckless disregard of the truth in compliance with Franks. He blithely ignores the fact that he has failed to show that the statement is either false or in reckless disregard of the truth. What he has done amounts to a mere allegation. The Defendant utterly fails to make any showing, never mind the required substantial preliminary showing.

The Defendant then sails on to claim that the affidavit, without the alleged deliberate or recklessly false statement in the affidavit, is bereft of probable cause. The Defendant claims that, without this phase, there is no nexus between the residence searched, and the probable cause that there was contraband there. Although there is no need to even address this claim, based upon the Defendant's failure to meet his first required threshold, this claim too falls flat. The affidavit

states, in the third paragraph, that a *reliable* and confidential informant who has previously provided verified information, stated that the Defendant lived at the premises that are the subject of the search warrant. The seventh paragraph goes on to delineate that, after the confidential informant told the Detectives that the Defendant was going to deliver crack cocaine, the Detectives watched the Defendant leave his residence; the very residence searched pursuant to the search warrant. The Detectives surveilled the Defendant as he traveled to Johnston, watched the Defendant conduct a narcotics transaction, and then leave the area, after which the Defendant was stopped by the police. The female with whom the Defendant had just conducted the narcotics transaction was stopped, and not only admitted that the Defendant had just sold her crack cocaine, but turned over the crack cocaine to the police. This recitation of facts, standing by itself, amply provides probable cause to believe that narcotics were likely to be found at the Defendant's residence. Therefore, even with the complained of portion excised from the affidavit, the affidavit is still valid.

The Defendant's remaining complaints in his memorandum consist basically of complaints that the affidavit should have contained more detail[1]. His complaint on this point consist basically of his critiquing the police investigation. While it is understandable that the Defendant is unhappy with the investigation, since it resulted in his arrest, his advice on how the police should have investigated the Defendant is irrelevant as to whether a Franks hearing is warranted. The standard for a search warrant is that it contain probable cause. The standard is not proof beyond a reasonable doubt, or clear and convincing. The affidavit contains ample probable cause. But the Defendant's complaint fails for a more basic reason. The details the

[1] The absurdity of Defendant's complaint here is exemplified in his statement that the affidavit failed to contain details such as the type of furniture in the Defendant's house. It is hard to conceive of a reviewing magistrate, with the intrusion of police at his home in the late evening hours, wishing to read about the interior decorating of a defendant's home, never mind requiring such detail.

Defendant states should have been in the affidavit are details to verify facts *after* the search warrant has been executed. The reviewing magistrates job is to determine whether there is probable cause within the four corners of the affidavit *before* the search warrant is executed.

The Defendant next proffers an unsworn, transcript, purporting to be an interview with an individual who the Defendant suspects is the confidential informant. The government will not address the Defendant's suspicions, but in refusing to rise to the Defendant's bait, the government is in no way either confirming or denying the Defendant's speculations regarding the confidential informant. Nothing in this unsworn statement even remotely suggests that the Detective recklessly disregarded the truth or deliberately used false statements in the search warrant affidavit. The unsworn transcript produced by the Defendant is simply not relevant as to whether a Franks hearing should be held.

In sum, the Defendant has failed to meet even the first prong of the Franks standard, that of a substantial showing of either deliberate falsehoods or reckless disregard for the truth. A defendant may not request a Franks hearing without supporting evidence. Franks, 438 U.S. at 144; United States v. Nelson-Rodriguez, 319 F.3d 12, 33 (1st Cir. 2003). The Defendant has failed to supply evidence disproving any statement in the affidavit which he might allege to be false. An unsupported claim of falsity will not suffice in a court of law.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

MARY E. ROGER
Assistant U.S. Attorney

CERTIFICATION

I, the undersigned, do hereby certify that on this, the 4th day of November, 2005, I mailed a true copy of the within Government's Motion in Opposition to the Defendant's Second Motion for a Franks Hearing and supporting memorandum, postage prepaid, to:

Joseph Vocolla, Esq.
454 Broadway
Providence, RI 02909