UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v. CR 05-083 ML

JOHN BARNES

# JURY INSTRUCTIONS

# TABLE OF CONTENTS


1. INTRODUCTION . . . . . 1

2. EVIDENCE RECEIVED IN THIS CASE . . . . . 2

3. STIPULATION—DEFINED . . . . . 2

4. INFERENCES—DEFINED . . . . . 2

5. EVIDENCE—DIRECT AND CIRCUMSTANTIAL . . . . . 3

6. OBJECTIONS AND WEIGHT OF THE EVIDENCE . . . . . 3

7. JURY'S RECOLLECTION CONTROLS . . . . . 4

8. PRESUMPTION OF INNOCENCE . . . . . 4

9. BURDEN OF PROOF . . . . . 4

10. AN INDICTMENT . . . . . 5

11. DEFINITION OF "ON OR ABOUT" . . . . . 6

12. CHARGES CONTAINED IN THE INDICTMENT . . . . . 6

13. COUNTS ONE AND TWO: POSSESSION WITH INTENT TO DISTRIBUTE . . . . . 6

14. COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE . . . . . . . . . . . . . . . . . . . 7

15. COCAINE BASE ("CRACK") – DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

16. COCAINE BASE ("CRACK"), A SCHEDULE II CONTROLLED SUBSTANCE . . . . 7

17. 21 U.S.C. § 841 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18. 21 U.S.C. § 841—ELEMENTS OF THE OFFENSE . . . . . . . . . . . . . . . . . . . . . . . . . 8

19. "POSSESSION"—DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

20. NATURE AND AMOUNT OF CONTROLLED SUBSTANCE MUST BE PROVEN BEYOND A REASONABLE DOUBT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21. "WITH INTENT TO DISTRIBUTE"—DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

22. EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

23. REMARKS OF COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

24. CONDUCT OF COURT AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

25. OPINION EVIDENCE—EXPERT WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

26. TESTIMONY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

27. DEFENDANT'S RIGHT TO REMAIN SILENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28. UNANIMOUS VERDICT—JURY CONDUCT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

29. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# PART I: GENERAL INSTRUCTIONS

## 1. INTRODUCTION

Members of the jury, we have now come to the end of this trial. This case, like all criminal cases, is a serious one. I say this because the defendant and the United States have a deep concern for your mature consideration of the evidence as presented and the law which I am about to give you.

Although you as the jury are the sole judges of the facts, you are duty bound to follow the law as I instruct you, and to apply that law to the facts as you find them to be from the evidence which has been presented during this trial. You are not to single out any one instruction as stating the law. Rather, you must consider these instructions in their entirety. You are not to be concerned with the wisdom of any rule of law, regardless of any opinion which you might have as to what the law ought to be. It would be a violation of your sworn duty to base your verdict upon any version of the law other than that which I am about to give to you.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the indictment and the denial made by the "not guilty" plea of the defendant. You are to perform this duty without bias or prejudice as to any party. The law does not permit jurors to be governed by sympathy, prejudice, or public opinion. The accused and the government are entitled to an impartial consideration of all the evidence. Moreover, the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a

litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

## 2. EVIDENCE RECEIVED IN THIS CASE

For the purpose of determining whether or not the government has sustained its burden of proof, you must evaluate all of the evidence. The evidence in this case consists of the sworn testimony of the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court, as well as any testimony or exhibit ordered stricken by the Court, must be entirely disregarded.

Anything you may have seen or heard outside the courtroom is not proper evidence and must be entirely disregarded.

## 3. STIPULATION – DEFINED

The evidence in this case includes facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You may give this evidence whatever weight you choose.

## 4. INFERENCES—DEFINED

In determining whether the government has sustained its burden of proof, you are to consider only the evidence. But in your consideration of the evidence, you are not limited to the

statements of witnesses, or solely to what you see and hear as the witnesses testify. You are permitted to draw, from the facts which you find have been proven, such reasonable inferences as seem justified in light of your experiences.

Inferences are deductions or conclusions which reason and common sense lead you to draw from facts which have been established by the evidence in the case.

## 5. EVIDENCE—DIRECT AND CIRCUMSTANTIAL

There are, generally speaking, two types of evidence. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, which is a chain of circumstances pointing to certain facts.

The law makes no distinction at all between the weight to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. In determining whether the government has sustained its burden of proof you can and should weigh all the evidence, both direct and circumstantial.

## 6. OBJECTIONS AND WEIGHT OF THE EVIDENCE

The fact that the Court may have admitted evidence over objection should not influence you in determining the weight that you will give such evidence. Nor should statements made by counsel, either for or against the admission of offered evidence, influence your determination of the weight that you will give the evidence if admitted. In other words, you should determine the weight that you will give such evidence on the basis of your own consideration of it and without regard to the statements of counsel concerning the admissibility of such evidence.

7. JURY'S RECOLLECTION CONTROLS

If any reference by the Court or by counsel to matters of evidence does not coincide with your own recollection, it is your recollection which should control during your deliberations.

8. PRESUMPTION OF INNOCENCE

In all criminal cases, there is a presumption of innocence. Every defendant under our system of law is presumed to be innocent of the accusation which is filed against him or her, and this presumption of innocence must remain with the defendant from the moment the charge is brought, throughout the trial, through the arguments of counsel, throughout the instructions of the Court, and throughout your deliberations when you retire to consider your verdict in the secrecy of the jury room.

The presumption of innocence remains unless and until you find that the defendant is guilty beyond a reasonable doubt of a charge as stated in the indictment. If you find, however, that the defendant is guilty beyond a reasonable doubt of each and every element of a crime with which he is charged, the presumption of innocence disappears and is of no further avail to him.

9. BURDEN OF PROOF

In criminal cases, the law places the burden of proof upon the government. The government has the burden of proving each and every element of the offense as charged beyond a reasonable doubt.

What is meant by the term "beyond a reasonable doubt"? Obviously, the obligation resting upon the government to prove a defendant's guilt beyond a reasonable doubt does not

mean that it must do so beyond all conceivable doubts. Nor does it require the government to prove a defendant's guilt to a mathematical or scientific certainty. Reasonable doubt means that the government must adduce evidence which, on examination, is found to be so convincing and compelling as to leave in your minds no reasonable doubt about a defendant's guilt. We know from experience what a doubt is, just as we know when something is reasonable or unreasonable. Reasonable doubt by definition means a doubt founded upon reason and not speculation, that is, a doubt for which you can give some sound reason.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions–one that a defendant is guilty as charged, the other that the defendant is not guilty–you will find the defendant not guilty.

If, therefore, after reviewing all the evidence, there remains in your mind a doubt about the defendant's guilt, and this doubt appears in the light of the evidence to be reasonable, your duty is to find the defendant not guilty. If, however, at the end of your deliberations, you are convinced by the evidence beyond a reasonable doubt that the defendant is guilty, your duty would be to return a verdict against him.

## PART II: THE OFFENSE CHARGED

### 10. AN INDICTMENT

This is a criminal trial upon an indictment returned by a federal grand jury for the District of Rhode Island against the defendant, John Barnes.

An indictment is nothing more than an accusation. It is a piece of paper filed with the

Court to bring a criminal charge against a defendant. Here, the defendant has pled not guilty and has put in issue the charges alleged in the indictment. The government therefore has the burden of proving the allegations made against the defendant.

The fact that an indictment has been filed in this case does not give rise to a presumption of guilt. It does not even lead to an inference of guilt. The indictment simply brings this matter before you for determination. Beyond that, it has no significance whatsoever.

## 11. DEFINITION OF "ON OR ABOUT"

You will note that the indictment charges that the offenses were committed "on or about" a certain date. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient that the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged in the indictment.

## 12. CHARGES CONTAINED IN THE INDICTMENT

The indictment in this case contains two (2) counts or "charges." You should consider each charge, and the evidence pertaining to it, separately. The fact that you may find the defendant guilty or not guilty as to one of the offenses charged should not control your verdict as to the other offense charged.

## 13. COUNTS ONE AND TWO: POSSESSION WITH INTENT TO DISTRIBUTE

Count One of the indictment charges that on or about May 13, 2005, in the District of Rhode Island, the defendant knowingly and intentionally possessed with intent to distribute 50

grams or more of cocaine base, a Schedule II Controlled Substance, in violation of title 21, sections 841(a)(1) and (b)(1)(A) of the United States Code.

Count Two of the indictment charges that on or about May 13, 2005, in the District of Rhode Island, the defendant knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II Controlled Substance, in violation of title 21, sections 841(a)(1) and 841(b)(1)(C) of the United States Code.

## 14. COCAINE, A SCHEDULE II CONTROLLED SUBSTANCE

You are instructed that, as a matter of law, cocaine is a Schedule II Controlled Substance. For simplicity, whenever I use the word "cocaine" in these instructions, I mean a mixture or substance containing a detectable amount of cocaine.

## 15. COCAINE BASE ("CRACK") – DEFINED

"Crack" is the street name for a form of cocaine base.

## 16. COCAINE BASE ("CRACK"), A SCHEDULE II CONTROLLED SUBSTANCE

You are instructed that, as a matter of law, cocaine base ("crack") is a Schedule II Controlled Substance. For simplicity, whenever I refer to cocaine base ("crack") in these instructions, I am referring to a mixture or substance containing a detectable amount of cocaine base.

## 17. 21 U.S.C. § 841

Section 841(a) of Title 21 of the United States Code provides, in part, that:

"[I]t shall be unlawful for any person knowingly or intentionally--

(1) to . . . possess with intent to . . . distribute . . . a controlled substance . . . ."

## 18. <u>21 U.S.C. § 841—ELEMENTS OF THE OFFENSE</u>

There are three essential elements which the government must prove beyond a reasonable doubt in order to sustain its burden of proof on Count One:

<u>One</u>: That the defendant possessed 50 grams or more of cocaine base;

<u>Two</u>: That the defendant's possession was knowing and intentional; and

<u>Three</u>: That the defendant possessed the cocaine base with the specific intent to distribute it.

There are three essential elements which the government must prove beyond a reasonable doubt in order to sustain its burden of proof on Count Two:

<u>One</u>: That the defendant possessed cocaine;

<u>Two</u>: That the defendant's possession was knowing and intentional; and

<u>Three</u>: That the defendant possessed the cocaine with the specific intent to distribute it.

## 19. <u>"POSSESSION"—DEFINED</u>

The term "possession" means to exercise control or authority over something at a given time. There are several types of possession—actual and constructive, sole and joint.

Possession is considered to be "actual" possession when a person knowingly has direct physical control or authority over something. Possession is called "constructive" when a person does not have direct physical control over something, but can knowingly control it and intends to

control it, sometimes through another person.

Possession may be knowingly exercised by one person exclusively. This is called sole possession. Possession may also be knowingly exercised by two or more persons. This is called joint possession.

Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession, sole as well as joint possession. You may find that the element of possession is proved if you find beyond a reasonable doubt that the defendant knowingly had actual or constructive possession of cocaine base or cocaine either alone or with others.

I caution you, however, that mere proximity to drugs or mere association with another person who exercises control over drugs is insufficient to support a finding of possession.

## 20. NATURE AND AMOUNT OF CONTROLLED SUBSTANCE MUST BE PROVEN BEYOND A REASONABLE DOUBT

To sustain its burden of proof as to Count One, the government must prove beyond a reasonable doubt that the controlled substance involved here was cocaine base and that the amount of cocaine base that the defendant possessed with the intent to distribute was 50 grams or more.

To sustain its burden of proof as to Count Two, the government must prove beyond a reasonable doubt that the controlled substance involved here was cocaine and that the defendant possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine.

21. "WITH INTENT TO DISTRIBUTE"—DEFINED

The phrase "with intent to distribute" means to have in mind or to plan in some way to deliver or to transfer possession or control over a thing to someone else. In this context, the phrase refers to the specific intent to actually or constructively transfer, or to attempt to transfer, the controlled substance described in the indictment.

In attempting to determine the intent of any person you may take into your consideration all the facts and circumstances shown by the evidence received in the case concerning that person.

In determining a person's "intent to distribute" controlled substances, you may consider, among other things, the quantity of the controlled substance, the presence or absence of packaging materials, scales, cutting agents, and large amounts of cash. The law does not require you to draw the inference of intent from this evidence, but you may do so.

The government must prove, beyond a reasonable doubt, that the defendant intended to distribute the controlled substance alleged in each count of the indictment.

PART III: CONSIDERATION OF THE EVIDENCE

22. EXHIBITS

Exhibits admitted into evidence by the Court are properly before you, and will be available to you during your deliberations. An exhibit marked by the Court for identification is not evidence in the case unless or until it was admitted by the Court as a full exhibit. If it has not been admitted as a full exhibit, you may not consider it. If it was admitted, however, it is just as much a part of the evidence in the case as the testimony which you have heard from the witness

stand.

## 23. REMARKS OF COUNSEL

Remarks, statements, or questions by counsel are not evidence and are not to be considered by you as evidence during your deliberations. Neither should you permit objections by counsel to the admission of evidence, or to the rulings of the Court, to create any bias or prejudice toward counsel or the party whom he represents. It is the duty of counsel for both sides to represent their clients vigorously and to defend their client's rights and interests. In the performance of that duty, counsel freely may make objection to the admission of offered evidence, or to any other ruling of the Court, and should not be penalized for doing so.

## 24. CONDUCT OF COURT AND COUNSEL

If during trial, or in instructing you, I have said or done anything that has caused you to believe that I was indicating an opinion as to what the facts are in this case, you should put that belief out of your mind. I did not intend to indicate any such opinion. In fact, I try not to have an opinion about the case because you are the sole and exclusive judges of the facts.

In determining the facts, you are to consider only that evidence which has properly been placed before you. It is the Court's duty to pass upon the admissibility of offered evidence, that is, to decide whether or not offered evidence should be considered by you. Evidence admitted by the Court is properly before you for your consideration; evidence which the Court has refused to admit, or may have stricken from the record after you heard it, is not a proper subject for your deliberations and is not to be considered by you.

25. OPINION EVIDENCE—EXPERT WITNESS

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we call "expert witnesses." Such witnesses, who have special training or experience in a technical field, may state an opinion concerning that technical matter and may also state the reasons for their opinion.

Merely because an expert witness has expressed an opinion, of course, does not mean that you must accept it. As with any other witness, you should consider the testimony and give it such weight as you think it deserves. Michael Liberto, Paul Breault, and Albert Faella were presented as expert witnesses in this case.

PART IV: CREDIBILITY OF WITNESSES

26. TESTIMONY OF WITNESSES

The law does not require you to accept or credit the evidence I have admitted. In determining what evidence you will accept, you must make your own evaluation of the testimony given by each of the witnesses, and the weight you choose to give to his or her testimony.

In evaluating the testimony of witnesses you may consider several facts—the opportunity of the witnesses to have acquired knowledge of that to which they testified; their conduct and demeanor while testifying; their interest or lack of interest, if any, in the outcome of the case; their intelligence or lack thereof; and the probability or improbability of the truth of their testimony.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or

more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

From these circumstances, and from all of the other facts and circumstances proved at the trial, you may determine whether or not the government has sustained its burden of proof.

### 27. DEFENDANT'S RIGHT TO REMAIN SILENT

The law does not compel a defendant in a criminal case to take the witness stand and testify. No presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant did not testify.

## PART V: THE DELIBERATIONS AND VERDICT

### 28. UNANIMOUS VERDICT—JURY CONDUCT

To render a verdict, all twelve of you must agree, that is, your verdict must be unanimous.

Therefore, during your deliberations and in your consideration of the evidence, you should exercise reasonable and intelligent judgment. It is not required that you yield your view simply because a majority holds to the contrary view, but in pursuing your deliberations, you should keep your minds reasonably open with respect to any point in dispute so that you will not be prevented from achieving a unanimous verdict due to mere stubbornness. It is your right, however, to maintain your view. The vote of each juror is as important as the vote of any other

juror, and you need not give up your view, sincerely held, simply because a majority holds to the contrary view.

Do not approach your consideration of the case in an intellectual vacuum. You are not required to disregard your experiences and observations in the ordinary everyday affairs of life. Indeed, your experiences and observations are essential to your exercise of sound judgment and discretion, and it is your right and duty to consider the evidence in light of such experiences and observations. It is hoped and anticipated that you will sift all of the evidence in this case through maturity and common sense.

Of course, prejudice, sympathy or compassion should not be permitted to influence you. All that any party is entitled to, or expects, is a verdict based upon your fair, scrupulous and conscientious examination of the evidence and an application to that evidence of the law as I have instructed you.

29. COMMUNICATIONS BETWEEN COURT AND JURY DURING DELIBERATIONS

If it becomes necessary during your deliberations to communicate with the Court, you may send a note signed by your foreperson, or by one or more members of the jury. The foreperson may then hand such written request or question to the marshal in whose charge you will be placed. The marshal will bring any written questions or requests to me. I will have you brought into the courtroom and will attempt to fulfill your request or answer your question. Other than the method outlined, please do not attempt to communicate privately or in any other way with the Court.

Bear in mind also that you are never to reveal to any person—not even to the Court—how

the jury stands, numerically or otherwise, on the question of whether the accused is guilty or not guilty, until after you have reached a unanimous verdict.

You may now retire with the marshal to enter upon your deliberations. When you have reached a verdict, you will return here and make your verdict known.