Dated: July 28, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

United States of America

v. CR 05-083ML

John Barnes

**DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

Now comes the defendant, John Barnes, by and through counsel, and hereby moves this Honorable Court to depart downward from the proposed sentencing guideline range in imposing a sentence with regard to the above-captioned matter. Counsel for defendant hereby request twenty minutes for oral argument on this motion at the sentencing hearing currently scheduled to occur at 9:30am on Monday August 28, 2006. For defendant's arguments please see the accompanying memorandum of law.

John Barnes
By his attorneys,

Joseph J. Voccola (RI Bar # 4132)
454 Broadway
Providence RI 02909
(401) 751-3900 (telephone)
(401) 751-8983 (facsimile)
email: sue@joevoccolalawoffices.com

Thomas F. Connors (RI Bar # 2108)
454 Broadway
Providence RI 02909
(401) 751-3900 (telephone)
(401) 751-8983 (facsimile)
email: n/a

John F. Lusi (RI Bar #4949)
29 Okie Street
Providence RI 02908
(401) 255-6714 (telephone)
(401) 632-0589 (facsimile)
email: jlusi@cox.net

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 28 th day of July 2006 a true copy of the within motion was hand delivered to the following counsel of record:

Mary E. Rogers
Assistant U.S. Attorney
50 Kennedy Plaza – 8th Floor
Providence RI 02903

Dated: July 28, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

United States of America

v. CR 05-083ML

John Barnes

**DEFENDANT'S MEMORANDUM OF L AW IN SUPPORT OF HIS MOTION FOR A DOWNWARD DEPARTURE**

The most recent presentence investigation report for this matter was prepared on April 21, 2006. This report on page 14 indicates an offense level of 36 and a criminal history category of IV, resulting in a guideline range of 262 to 327 months. Defendant argues for a downward departure from this range based on the sentencing factors enumerated in 18 U.S.C. §3553 in light of the decision by the Supreme Court of the United States in United States v. Booker, 125 S.Ct. 738 (2005)(holding the federal sentencing guidelines are no longer binding on federal sentencing courts and sentences, therefore, will be reviewed on appeal under a standard of reasonableness) and based on U.S.S.G. § 4A1.3(b)(1).

18 U.S.C §3553(a) mandates that "the court shall impose a sentence sufficient, **but not greater than necessary**, to comply with the purposes set forth in paragraph (2) subsection." (Emphasis added) The bolded language clearly indicates that the court is constrained to impose the minimum sentence that will comply with the following purposes: the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Also, under 18 U.S.C. § 3553a(1) the court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant."

Defendant argues that, as the presentence report indicates, the criminal history relates predominately to non-violent automobile related offenses and not drug offenses with the exception of the 1995 nolo plea entered on June 16, 1995 on a simple possession charge for which defendant was sentenced to two years probation. The presentence report, in paragraphs 31-39, also includes nine dismissed charges, eight of which occurred when the defendant was a juvenile. Although these dismissed charges do not directly affect the computation of the sentencing guideline range, their presence on the report may tend to unfairly prejudice the court's opinions about the "history and characteristics of the defendant." A person's behavior as a juvenile does not forecast their behavior as adults. It is for this reason that, absent special circumstances, juveniles are processed in state criminal justice systems that are distinct from the state systems designed to address adults.

The presentence report reflects six adult convictions in paragraphs 24-29. Only one of these convictions involved a controlled substance. This simple possession conviction occurred more than ten years ago and is currently the subject of a post conviction relief application in Rhode Island Superior Court under R.I.G.L. §10-9.1-1.

Also, this conviction occurred more than ten years ago but barely within the ten year period preceding the "defendant's commencement of the instant offense." Under U.S.S.G. §4A1.1(c) this offense adds one point to defendant's criminal history computation. With this additional point defendant has seven criminal history points resulting in a category IV rating. Without this point defendant would have six criminal history points that would result in a category III rating. Under a category III rating defendant would have a sentencing guideline range of 235-293 months rather than the 262-327 month range that results from a category IV rating. In fact, the first presentencing report generated for this matter was prepared on March 16, 2006 and reflected a category III rating. The current presentence report prepared on April 21, 2006 reflects the higher category rating with the concomitant higher sentencing range. Apparently, in preparing the first report, the U.S probation officer may have looked at the date of the arrest – February 7, 1995 – instead of the date of the entry of a nolo plea – June 19, 1995 – in determining whether the offense fell within the ten year period defined in U.S.S.G. §4A1.2(e)(2).

Defendant argues that the category IV rating substantially over-represents the seriousness of the defendant's criminal history and also over-represents the likelihood that the defendant will commit other crimes in violation of U.S.S.G. §4A1.3(b)(1) which states as follows: "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

Before the instant offense defendant was last arrested on March 26, 1997, more than eight years prior to his arrest on the instant offense which occurred on May 13, 2005. This eight year incident-free period is incongruous with the seriousness implied by a category IV criminal history rating.

For the foregoing reasons defendant requests that the court depart from the category IV range and sentence him in accordance with a category III range of 235-293 months.

John Barnes
By his attorneys,

Joseph J. Voccola (RI Bar #4132)
454 Broadway
Providence RI 02909
(401) 751-3900 (telephone)
(401) 751-8983 (facsimile)
email: sue@joevoccolalawoffices.com

Thomas F. Connors (RI Bar #2108)
454 Broadway
Providence RI 02909
(401) 751-3900 (telephone)
(401) 751-8983 (facsimile)
email: n/a

John F. Lusi (RI Bar #4949)
29 Okie Street
Providence RI 02908
(401) 255-6714 (telephone)
(401) 632-0589 (facsimile)
email: jlusi@cox.net

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 28 th day of July 2006 a true copy of the within memorandum was hand delivered to the following counsel of record:

Mary E. Rogers
Assistant U.S. Attorney
50 Kennedy Plaza – 8th Floor
Providence RI 02903