IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOHN BARNES | ) | |
| | ) | |
| v. | ) | CR 05-083ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S RESPONSE TO PETITIONER'S MOTION TO VACATE**

## I. TRAVEL OF CASE

On July 6, 2005, the Defendant was indicted on one count of possession with intent to distribute 50 grams or more of cocaine base and one count of possession with intent to distribute an unspecified amount of cocaine. Prior to trial, the Defendant requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). On November 7, 2005, the trial court denied the Defendant's motion for a Franks hearing. On December 2, 2005, the trial judge declared a mistrial after the jury could not reach a verdict. On January 24, 2006, a jury trial commenced. On January 26, 2006, the Defendant was found guilty by a jury on both counts. On August 26, 2006, the Defendant was sentenced by this Court. The Defendant filed an appeal and on July 16, 2007, the Defendant's conviction was affirmed by the First Circuit Court of Appeals (06-2268). On June 23, 2008, the Defendant filed a motion under 28 U.S.C. 2255 to vacate, set aside, or correct sentence by a person in federal custody.

## II. ARGUMENT

The Defendant's June 23, 2008 motion under 28 U.S.C. 2255 consists of a pre printed form for 28 U.S.C. 2255 motions, with the Defendant's claims typed in various places. The Defendant asserts three grounds for his motion. Immediately preceding each of the Defendant's

"Ground[s]" in this form is the following pre printed instruction:

"(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):"

Each of the Defendant's three claims fail to state any facts that support his claims for relief.

A. THE LAW GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-85 (1979), the Supreme Court stated:

> It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment . . . [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited . . . The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice'. . . Similar limitations apply with respect to claimed errors of fact.

See also, Davis v. United States, 417 U.S. 333, 346 (1974).

A collateral attack may not do service for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

1. GROUND ONE

The Defendant typed in as Ground One:

> Improprieties in the obtainment of the Search Warrant in this case caused an egregious violation of Defendant's fourth amendment rights against illegal search and seizure. The improprieties committed by the law enforcement officials in this case directly contravened all rule embodied policy designed to protect the integrity of the courts and to govern the conduct of law enforcement officers: both state and federal.

The Defendant failed to cite any facts whatsoever. Instead he simply made statements of what he believes to be the legal violations. Additionally, the claim made here appears to be the same claim made by the Defendant in his appeal to First Circuit and rejected by them; that the Defendant was entitled to a Franks hearing under Franks v. Delaware, 438 U.S. 154 (1978) based upon his unsubstantiated claim that the police committed various constitutional violations. No relief can be granted in this case.

2. GROUND TWO

The Defendant then typed in as Ground Two:

> VIOLATION OF DEFENDANTS(sic) SIXTH AMENDMENT RIGHTS

. . .

> Failure by Defendant's trial counsel to investigate and bring forth improprieties in the process of the obtainment of the Search Warrant by the local law enforcement authorities involved in this case, constituted a clear violation of Defendant's Sixth Amendment right to effective assistance of counsel. Such failure on the part of defense counsel meets the "two-prong" standard set forth in Strickland v. Washington.

Once again, the Defendant fails to state any facts as instructed on the pre printed form which he used to make this assertion. Additionally, the Defendant's original appeal addressed the issue of whether the Defendant had met his burden entitling him to a Franks hearing. The Defendant's attorney set forth various claims that he believed supported his claim that the police had reason to know that the search warrant affidavit lacked probable cause. It is evident that in order to make these claims Defendant's counsel investigated the matter.

B. THE LAW APPLICABLE TO AN INEFFECTIVE ASSISTANCE CLAIM

In considering the issue of effective representation, the District Court must first identify the acts or omissions of counsel. The Court should then determine whether these acts or omissions were outside the wide range of professionally competent assistance and, if so, whether the error affected the judgment. Strickland v. Washington, 466 U.S. 668 (1984). Counsel's representation must fall below an objective standard of reasonableness, and the defendant must show prejudice. Ouellette v. United States, 862 F.2d at 376; see also, United States v. McGill, 11 F.3d 223 (1st Cir. 1993). There must be a reasonable probability that but for the attorney's unprofessional errors the result would be different. Scarpa v. Dubois, 38 F.3d 1, (1st Cir. 1994). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Singleton v. United States, 26 F.3d 233 (1st Cir. 1994); United States v.

Moreno Morales, 815 F.2d 725, 751 (1st Cir.), cert. denied, 484 U.S. 966 (1987). The effective assistance of counsel standard does not require the "useless charade" of presenting a meritless defense. United States v. Cronic, 466 U.S. 648, 656 n.19 (1984). Counsel need not jump through every conceivable hoop, or engage in futile exercises. Singleton, 26 F.3d at 239. The defendant is entitled to an effective defense, not a perfect one nor a successful one. Scarpa v. Dubois, 38 F.3d at 8. The attorney's judgment need not be right so long as it is reasonable. McGill, 11 F.3d at 227. A reviewing court should not use the benefit of hindsight to second-guess tactical decisions made by an attorney unless the decisions are unreasonable. Perron v. Perrin, 742 F.2d 669, 673 (1st Cir. 1984). In Barnes case, the Defendant's attorney did raise the issues Barnes now seeks to relitigate, and the evidence shows that the Defendant's attorney did investigate the matters with regard to a Franks motion. The Defendant fails to set forth any facts to show otherwise.

3. GROUND THREE

The Defendant then typed in as Ground Three:

> VIOLATION OF DEFENDANT's DUE PROCESS - FIFTH AND FOURTEENTH AMENDMENT RIGHTS
>
> . . .
>
> Failure by Defendant's trial counsel to move the Court for a full evidentiary hearing concerning the basic and fundamental improprieties committed by the law enforcement authorities in the obtainment and execution of the Search Warrant violated the Defendant's Fifth and Fourteenth Amendment rights against improper deprivation of Defendant's life, liberty and property rights without due process of law. The improprieties committed by the local law enforcement officials in this case shock the judicial conscience.

Yet again, the Defendant fails to state any facts to support his assertion. And yet again, this claim appears to be raising an issue raised in the Defendant's original appeal to the First

Circuit, and rejected by the Court of Appeals.

CONCLUSION

The Defendant has failed to raise any new grounds for appeal. In fact, the Defendant has failed to state any facts which would support a claim for relief. Thus, his motion should be denied.

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

/s/ MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov

CERTIFICATION

I hereby certify that on the 6th day of August 2008, I caused a copy of the Government's Response to Petitioner's Motion to Vacate, to be filed electronically and it is available for viewing and downloading from the ECF system. The following participant has received notice via ordinary mail and postage prepaid to:

PRO SE

John Barnes
Prisoner No. 05640-070
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

/s/MARY ROGERS
MARY ROGERS
Assistant U.S. Attorney
RI Bar #3107
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
email mary.rogers@usdoj.gov