## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

JOHN BARNES

    vs.                                    CR No. 05-83-ML

UNITED STATES

### MEMORANDUM AND ORDER

Defendant John Barnes, proceeding *pro se*, has filed a Motion requesting Permission to Resubmit Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct a Conviction or Sentence By a Person in Federal Custody (Doc. No. 103) ("Motion to Resubmit"). The Government has filed a response (Doc. No. 104) to the motion. No hearing is necessary.

### FACTUAL BACKGROUND AND TRAVEL[1]

On June 27, 2008, Barnes filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 84). This Court denied and dismissed the motion on February 3, 2009. See Memorandum and Order (Doc. No. 90). The Court also denied Barnes' motion for a Certificate of Appealability (Doc. No. 94) ("COA"). Barnes appealed the denial of his motions to vacate and for a COA, but the Court of Appeals for the First Circuit denied the request for a COA and terminated the appeal because Barnes had failed to make a substantial showing of the denial of a constitutional right. See Judgment (Doc. No. 101); Mandate (Doc. No. 102).

Thereafter, on February 17, 2012, Barnes filed the instant Motion to Resubmit. He states that his prior motion was "insufficiently prepared and technically-flawed ...," Motion to Resubmit at 2, and asks

---

[1] The facts relating to Barnes' arrest, conviction, and appeal are recounted in this Court's Memorandum and Order (Doc. No. 90) dated February 3, 2009, and need not be repeated here.

the Court to allow him to resubmit a "complete and detailed" § 2255 motion, id.

## DISCUSSION

I.   Section 2255 and AEDPA

Section 2255 states that:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). See Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).

> That statute imposed significant new constraints on proceedings under section 2255. Some of these constraints were temporal; for example, AEDPA established a one-year statute of limitations for filing a section 2255 petition. 28 U.S.C. § 2255(f). Some of these constraints were numerical; for example, AEDPA required a federal prisoner who sought to prosecute a second or successive section 2255 petition to obtain pre-clearance, in the form of a certificate, from the court of appeals. Id. § 2255(h). By the terms of the statute, such a certificate will be made available only if the prisoner can show that the proposed second or successive petition is based either on newly discovered evidence or a new rule of constitutional law. Id. We have interpreted this provision as "stripping the district court of jurisdiction over a second or successive habeas petition unless and until the court of appeals has decreed that it may go forward." Pratt v. United States, 129 F.3d 54, 57 (1st Cir. 1997).

Id. (footnote omitted). Section 2255(h) provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain- -
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Not every numerically second petition is considered "second or successive." For example, "a numerically second or successive petition is not 'second or successive' if it attacks a different criminal judgment or if the earlier petition terminated without a judgment on the merits." Pratt, 129 F.3d at 60. In addition, if the pleading only "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," United States v. Nelson, 465 F.3d 1145, 1147 (10th Cir. 2006)(internal quotation marks omitted), the motion should not be considered second or successive, id.

II. Application

Here, Barnes is not attacking a different judgment or the integrity of the previous proceedings. Rather, he seeks to amend or supplement a § 2255 motion that has already been decided by this Court on its merits and affirmed by the First Circuit. In such circumstances, motions to amend § 2255 petitions have been treated as second or successive § 2255 motions, requiring prior circuit court authorization pursuant to § 2255(h). See Nelson, 465 F.3d at 1148-49 (noting that motions to amend and supplement a § 2255 motion, filed after judgment was entered dismissing the original § 2255 motion, must be treated as a successive § 2255 motion requiring prior circuit court authorization). Applying these principles here, it follows that this Court lacks jurisdiction to hear and determine Barnes' Motion to Resubmit, absent authorization from the First Circuit. Id. at 1149; see also Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts (" 2255 Rules").

CONCLUSION

Barnes has neither sought nor received permission from the First Circuit to submit a second or successive § 2255 motion. Thus, this Court lacks jurisdiction to consider his Motion to Resubmit. Accordingly, the Motion to Resubmit is DENIED and DISMISSED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the § 2255 Rules, this Court hereby finds that this case is not appropriate for the issuance of a COA, because Barnes has failed to seek and receive permission from the First Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255(h).

Barnes is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).


SO ORDERED:

/s/ Mary M. Lisi_____
Mary M. Lisi

Chief United States District Judge

Date: March 13, 2013